IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-30 |
| | ) | (VARLAN/GUYTON) |
| ALFREDO ALCARAZ-BARBA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Government's Motion to Dismiss Indictment [Doc. 39], filed on August 11, 2008. The defendant filed a Response (Opposition) to the United States' Motion to Dismiss [Doc. 40] on August 14, 2008. Deeming argument on the motion unnecessary, the Court took the motion and response under advisement on August 15, 2008.

The defendant is charged in a single-count Indictment [Doc. 3], filed on February 20, 2008, with unlawful reentry into the United States after he, an alien, was previously deported following the commission of an aggravated felony. The government asks to dismiss the indictment because an identical charge has been incorporated into a Superseding Indictment returned on August 7, 2008, in case number 3:08-CR-46.

In case number 3:08-CR-46, the government filed a sealed Indictment [Doc. 5] on April 8,

1

2008.  On May 27, 2008, the defendant was arraigned on a redacted version of the Indictment [Doc. 24], which alleges that the defendant and five codefendants (two of whom are unnamed) conspired to distribute and to possess with the intent to distribute five kilograms or more of cocaine and one thousand kilograms or more of marijuana between October 2007 and April 8, 2008.  Count two of the Indictment alleges that during that same time period, the defendant and five codefendants (two of whom are unnamed) engaged in a money laundering conspiracy with the proceeds collected from the unlawful activities alleged in count one.  Both counts contain forfeiture allegations.  On August 5, 2008, the government filed a sealed Superseding Indictment [Doc. 57] in case number 3:08-CR-46.  The defendant has not yet been arraigned on the Superseding Indictment in that case.

The defendant opposes dismissal of the instant indictment (in case number 3:08-CR-30), arguing that he has filed pretrial motions in this case, which are ripe for hearing and determination.  He maintains that following the disposal of these issues, the case will be ready for trial, which was set for August 27, 2008.[1]  The defendant contends that if the present indictment is dismissed, he will be forced to address these issues again, this time in a complex case with separate discovery and scheduling deadlines.  He argues that he would thus be subjected to "an unfair and prolonged proceeding."  He also faults the government for providing no justification for its actions and for filing its motion to dismiss after the motion-filing deadline.

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."  Bordenkircher v.

---

[1] The Court notes that this trial date has been removed from the District Court's docket pending resolution of this motion.

2

Hayes, 434 U.S. 357, 364 (1978). On the other hand, the government may not use its wide latitude in this regard to sidestep the defendant's right to a speedy trial. The Speedy Trial Act contemplates that a prosecutor might seek an indictment on a charge, request dismissal of that indictment, and then file a subsequent indictment charging the defendant with the same offense. 18 U.S.C. § 3161(d)(1). In such case, the speedy trial calculation continues to be assessed from the latter of the filing date if the indictment or the defendant's arraignment on the *initial* indictment. 18 U.S.C. § 3161(c)(1), -(d)(1); United States v. Rojas-Contreras, 474 U.S. 231, 239 (1985) (Blackmun, J., concurring), see also United States v. O'Dell, 154 F.3d 358, 362 (6th Cir. 1998) (holding that the plain language of the statute reveals that the speedy trial clock begins to run at the defendant's arraignment).[2] This provision "protects against governmental circumvention of the speedy-trial guarantee." Rojas-Contreras, 474 U.S. at 239 (Blackmun, J., concurring).

In the present case, the defendant is concerned about delay in the proceedings occasioned by him having to refile and pursue his pending motions in case number 3:08-CR-46. The following four defense motions are pending in this case: (1) Motion to Dismiss Indictment and for Evidentiary Hearing [Doc. 31], (2) Motion to Late File Exhibit [Doc. 33], (3) Motion for Production of *Brady* Evidence and to Preserve Evidence [Doc. 36], and (4) Motion to File Late Document (Verification) [Doc. 38]. The government has filed a response [Doc. 35] to his motion to dismiss the indictment, and he in turn has filed a reply [Doc. 37] to the response. The undersigned has not yet heard these motions, although the pretrial conference in this case was set for August 18, 2008. With the defense

---

[2]The Court notes that the delay between the dismissal of the initial indictment and the refiling of or arraignment on the subsequent indictment is excludable time. 18 U.S.C. § 3161(h)(6). In this case, that delay, if it exists at all, will be quite brief as the Superseding Indictment in case number 3:08-CR-46 has already been filed, and the Court anticipates that the defendant's arraignment on that indictment will occur in the near future.

3

motions prepared and extensively briefed, the defendant should be able to refile them promptly upon his arraignment on the Superseding Indictment in case number 3:08-CR-46.  Moreover, the defendant will be able to include the exhibit and affidavit that he is seeking to late-file in this case. Additionally, the Court observes that the defendant's pursuit of these motions in the present case would have necessarily required the continuance of the August 27, 2008 trial date to allow this Court time to consider and prepare a Report and Recommendation upon the defendant's motion to dismiss, the parties time to file any objections to this Court's ruling, the District Court time to rule upon the report, and the parties time to prepare for trial in light of the ruling.  Thus, the defendant's prediction that the issues he has raised in this case would be resolved and the case on its way to trial in "a matter of weeks" seems unrealistic.

As a practical matter, the Court recognizes that joining the instant charge to other charges in a case involving other defendants will undoubtedly occasion some delay.  Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance:

> The legislative history of [18 U.S.C. § 3161(h)(7)] demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded.  Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted).  If the defendant believes that he is otherwise prejudiced by joinder of the instant charge to the other charges in case number 3:08-CR-46, then he may choose to challenge the joinder in that case.  See Fed. R. Crim. P. 8(a) & 14(a).  After careful consideration of the defendant's arguments, the Court finds that

dismissal of the present indictment upon the government's motion would not violate the defendant's right to a speedy trial at this juncture. Accordingly, the Court **RECOMMENDS** that the government's motion [**Doc. 39**] to dismiss the indictment be granted.[3]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, ___ F.3d ___, 2008 WL 3288304, at *3 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).